# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID DAVEY, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00333-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF INTENT TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE, AND DIRECTING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR SECOND NOTICE CLARIFYING HIS INTENT<br><br>[ECF No. 7] |

Plaintiff Michael Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 26, 2019, the undersigned screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Licensed Vocational Nurse Thomas, Doctor Ulit, Doctor Mays, Doctor Doe No. 1 (who was on duty at Corcoran Facility 4B on December 24, 2014, second watch), and CMO Doe No. 2 (who denied authorization for the surgery on or about December 28, 2014) for deliberate indifference in violation of the Eighth Amendment. The Court granted Plaintiff leave to file an amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable.

///

///

1

On May 6, 2019, Plaintiff filed a notice of intent to proceed on the claims found to be cognizable. However, it is unclear from Plaintiff's filing whether he truly intends to proceed only on the claims found to be cognizable as he contends that the Court misinterpreted two of his claims. First, Plaintiff argues that his claim against McElhaney was based on the fact that he (McElhaney) claimed he provided the medical request slip to Defendants Doctor Doe No. 1 and Licensed Vocational Nurse Thomas, who told McElhaney to ignore Plaintiff, but Plaintiff has no verify this information. Plaintiff further reasons that if Defendant Doctor Doe No. 1 and LVN Thomas did deny McElhaney's claim, then McElhaney may be liable. Second, Plaintiff further argues that Defendant Does 3 through 12 (identified as medical and/or custody staff) who saw Plaintiff on December 25, 2014, are liable because they were on duty this date and came in contact with Plaintiff and observed his need for assistance and are therefore subject to liability.

In light of Plaintiff's pro se status, the Court finds it appropriate to allow Plaintiff additional time to clarify his intent. Because it appears that Plaintiff is attempting to further clarify and/or amend the claims presented in his original complaint, Plaintiff's remedy, at this juncture, is to file an amended complaint setting forth all of his claims for relief. Plaintiff should not wait until some future time to amend the complaint to seek liability against the above-mentioned individuals. However, if Plaintiff wishes to proceed only on the claims found to be cognizable, he may file a second written notice expressing his clear intent to proceed only on those claims and to dismiss all other claims and Defendants.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a blank section 1983 amended civil rights complaint;

2. Within twenty-one (21) days from the date of service of this order, Plaintiff shall file an amended complaint or second written notice of intent to proceed on claims found to be cognizable in the Court's March 26, 2019, screening order and dismiss all other claims and Defendants; and

///
///

2

3. The failure to comply with this order will result in a recommendation that this action proceed against Defendants Licensed Vocational Nurse Thomas, Doctor Ulit, Doctor Mays, Doctor Doe No. 1 (who was on duty at Corcoran Facility 4B on December 24, 2014, second watch), and CMO Doe No. 2 (who denied authorization for the surgery on or about December 28, 2014) for deliberate indifference in violation of the Eighth Amendment, and to dismiss of all other claims and Defendants.

IT IS SO ORDERED.

Dated: **May 8, 2019**

UNITED STATES MAGISTRATE JUDGE