# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, | Case No.: 1:19-cv-00333-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY DEFENDANT DR. MAYS SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4 |
| DAVID DAVEY, et.al., | |
| Defendants. | [ECF No. 17] |

Plaintiff Michael Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 16, 2019, the Court found that service of the complaint was appropriate as to Defendants Licensed Vocational Nurse Thomas, Doctor Ulit, Doctor Mays, Doctor Doe No. 1, and CMO Doe No. 2 for deliberate indifference in violation of the Eighth Amendment, and service was ordered.

On August 13, 2019, pursuant to the E-Service pilot program for civil rights cases for the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Dr. Mays because he was no longer at Corcoran State Prison and there was no address of record. Therefore, service was forwarded to the United States Marshal.

On August 14, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that the individual could not be located. (ECF No. 17.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office cannot serve Defendant Dr. May without further identifying information. Plaintiff shall be provided with an opportunity to show cause why this Defendant should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify this Defendant for service of process. If Plaintiff either fails to respond to this order or responds but fails to show cause, this Defendant shall be dismissed from this action, without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Dr. Mays should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Dr. Mays from this action.

IT IS SO ORDERED.

Dated: **August 21, 2019**

_____
UNITED STATES MAGISTRATE JUDGE