| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL THOMAS, | ) | Case No.: 1:19-cv-00333-LJO-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF |
| DAVID DAVEY, et.al., | ) ) | DEFENDANT DR. MAYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4 |
| Defendants. | ) ) | [ECF No. 17] |
| | ) ) ) | |

Plaintiff Michael Thomas is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 16, 2019, the Court found that service of the complaint was appropriate as to Defendants Licensed Vocational Nurse Thomas, Doctor Ulit, Doctor Mays, Doctor Doe No. 1, and CMO Doe No. 2 for deliberate indifference in violation of the Eighth Amendment, and service was ordered.

On August 13, 2019, pursuant to the E-Service pilot program for civil rights cases for the Eastern District of California, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Dr. Mays because he was no longer at Corcoran State Prison and there was no address of record. Therefore, service was forwarded to the United States Marshal.

1

On August 14, 2019, the United States Marshal returned the USM-285 form as unexecuted with a notation that the individual could not be located. (ECF No. 17.)

On August 21, 2019, the Court issued an order to show cause why Defendant Dr. Mays should not be dismissed pursuant to Rule 4.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Plaintiff did not respond to the Court's August 21, 2019 order to show cause, and therefore Defendant Dr. Mays must be dismissed from this action, without prejudice.

Accordingly, it is HEREBY RECOMMENDED that Defendant Dr. Mays be dismissed from the action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 1, 2019**

UNITED STATES MAGISTRATE JUDGE