UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID DAVEY, et.al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00333-NONE-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, AND EXTENDING THE DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>(ECF No. 38) |

Plaintiff Michael Thomas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amended, along with a copy of the proposed amended complaint, filed on July 27, 2020. Defendants filed an opposition on August 17, 2020. (ECF No. 40.) Plaintiff did not file a reply and the time to do has expired. Local Rule 230(l).

**I.**

**DISCUSSION**

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d

1

604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants argue that they have already conducted a deposition of Plaintiff, and Plaintiff filed his motion after the June 5, 2020 deadline to amend the pleadings, so allowing leave to amend prejudices them. Although Plaintiff's motion was filed 47 days after the deadline to amend the pleading, Plaintiff submits that he obtained information of the Doe Defendants identity in June 2020. (ECF No. 38 at pp. 1-2.) There is no evidence before the Court that Plaintiff was not diligent in ascertaining the discovery of Doe Defendants Number 1 and 2.[1] Plaintiff is entitled to conduct discovery to ascertain the identify of the Doe Defendants in this action-a point Defendants do not address in their opposition. Accordingly, the Court finds good cause to allow amendment, at this juncture.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R.

---

[1] With application of the mailbox rule, Plaintiff's motion was constructively filed on July 22, 2020. (ECF No. 38.) Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed.); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

Civ. P. 15(a)).  "This policy is to be applied with extreme liberality."  C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

It is clear that Plaintiff seeks leave to amend solely to identify the Doe Defendants Numbers 1 and 2.[2]  Defendant Doe Number 1 is identified as Wayne Ulit, who has already been served and appeared in this action, and Defendant Doe Number 2 is identified as Felix Igbinosa.  Even if there was some delay in bringing the motion to amend, mere delay does not equate to bad faith on the part of Plaintiff, and there is no basis to support a finding that Plaintiff intentionally delayed filing a motion to amend. See Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("A party 'demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'") (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)); see also Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) (undue delay, alone is insufficient to deny leave to amend the pleadings). In addition, there is no evidence that Plaintiff failed to exercise due diligence in ascertaining the identity of Doe Defendants Numbers 1 and 2, as his motion to amend was made within the discovery deadline. Moreover, Plaintiff's claim against the now identified Doe Defendants arises from the same factual basis set forth in the original complaint and involves the alleged deliberate indifference to Plaintiff's medical needs-the same type of claim raised against the other Defendants.  Thus, Plaintiff's motion to amend to simply identify the Doe Defendants in his original complaint does not substantially change the nature of this case.  Further, although Defendants may have taken Plaintiff's deposition at the beginning of the discovery period, the Court finds that the prejudice suffered by Defendants if Plaintiff is permitted to amend his complaint does not outweigh the prejudice suffered by Plaintiff if he is not permitted leave

---

[2] When a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); see also Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013).  Indeed, the failure to afford a plaintiff such opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

to amend in order to identify the John Doe Defendants. Crowley v. Bannister, 734 F.3d at 978 (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Accordingly, Plaintiff's motion to amend the complaint shall be granted. Because of the impending discovery and dispositive motions, the Court will sua sponte extend the deadlines to allow for service and a response by Defendant Felix Igbinosa.[3]

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend filed on July 27, 2020 (ECF No. 38) is GRANTED;
2. The Clerk of Court is directed to file the first amended complaint (ECF No. 39) which was lodged on July 27, 2020;
3. The discovery deadline is extended to January 18, 2021;
4. The dispositive motion deadline is extended to February 18, 2021; and
5. All other provisions of the Court's December 5, 2019 discovery and scheduling order remain in effect.

IT IS SO ORDERED.

Dated:   **September 2, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[3] By way of separate order, the Court will order service on Defendant Felix Igbinosa.